IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TROY L. LEWIS, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-09-1086-D |
| | ) | |
| ERIC K. SHINSEKI, Secretary of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is the Defendant's Motion to Dismiss the Amended Complaint [Doc. No. 17]. Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b) (4), (5), and (6), arguing that Plaintiff has failed to perfect service and, even if he had done so, the claims must be dismissed because they were not filed within the time period required by federal law.

The Motion to Dismiss was filed on July 6, 2010. Pursuant to the Court's Local Civil Rules, Plaintiff's response was due no later than 21 days from the date the motion was filed. LCvR 7.1(g). That deadline has expired, and Plaintiff has not responded or sought an extension of time in which to do so. Accordingly, Defendant's motion may be deemed confessed. *Id.*

Although Plaintiff appears *pro se*, he is required to comply with the Local Civil Rules as well as the Federal Rules of Civil Procedure. *Garrett v. Selby Connor Maddux & Janer,* 425 F. 3d 836, 840 (10th Cir.2005). Having reviewed the Court file, it is apparent that Plaintiff is aware of the need to comply with deadlines, and his failure to respond to the Defendant's motion is deemed a confession of that motion. In any event, the Court concludes that dismissal is proper because Defendant correctly argues that Plaintiff failed to properly serve the Defendant in accordance with Fed. R. Civ. P. 4(i)(1). Furthermore, the record before the Court establishes that Plaintiff did not

file this action within 90 days after the administrative decision regarding his EEO Complaint; as a result, this action is untimely. 42 U. S. C. § 2000e-16 (c); *Belhomme v. Widnall*, 127 F. 3d 1214, 1217 (10th Cir. 1997).

Accordingly, the Defendant's Motion [Doc. No. 17] is GRANTED, and this action is dismissed. Because the statutory limitations period has expired on Plaintiff's claims, the dismissal is with prejudice.[1]

IT IS SO ORDERED this 30th day of July, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Although the granting of a Rule 12(b)(6) motion to dismiss is typically without prejudice to the refiling of the action, where, as here, the record establishes that it would be futile to permit the filing of a new action, dismissal with prejudice is warranted. *See, e.g., Wolf v. Petrock*, 2010 WL 2331171, at * 3 (10th Cir. June 10, 2010)(unpublished opinion (citing *Whitney v. New Mexico*, 113 F. 3d 1170, 1173 (10th Cir. 1997)). Even if the case were dismissed without prejudice, that dismissal would effectively be with prejudice where the limitations period has expired. *See, e.g., Gocolay v. New Mexico Federal Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992).